Filed 11/29/21  P. v. Hoong CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093483 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F08566) |
| v. | |
| TONY HOONG, | |
| Defendant and Appellant. | |

Defendant Tony Hoong appeals the trial court's denial of his Penal Code section 1170.95 resentencing petition.[1]  He contends the trial court erred in concluding that defendant failed to make a prima facie case for relief based on its finding that the evidence in the record would be sufficient to support a murder conviction under the enacting legislation, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015,

---

[1]  Undesignated statutory references are to the Penal Code.

1

§ 4). The Attorney General concedes the issue and asks this court to reverse the trial court's erroneous order and remand the matter for proceedings consistent with section 1170.95. We accept the People's concession and will reverse the order and remand.

PROCEDURAL BACKGROUND

In 2005, a jury found defendant and his codefendant guilty of first degree murder with related gang and firearm enhancements (§§ 187, subd. (a), 186.22, subd. (b)(1), 12022.53, subds. (d), (e)). On direct appeal, this court affirmed defendant's murder conviction but struck the enhancements. The facts underlying the conviction are not relevant to our disposition on appeal and are therefore not recounted here.

On November 5, 2019, this court held in an unpublished opinion that defendant was entitled to habeas relief on his first degree murder conviction. (*In re Hoong* (Nov. 5, 2019, C085638) [nonpub. opn.].) Relief was required because this court could not determine beyond a reasonable doubt that the jury in defendant's case did not rely on the natural and probable consequences doctrine to find defendant guilty of first degree murder. The first degree murder conviction was vacated and the matter remanded "to the trial court with directions to allow the People to accept a reduction of the conviction to second degree murder, or to elect to retry [defendant] for first degree murder under a theory or theories other than natural and probable consequences." (*In re Hoong, supra*, C085638.) On July 29, 2020, defendant was resentenced on one count of second degree murder to a total term of 15 years to life.

In March 2020, defendant filed a petition for resentencing under newly enacted section 1170.95. The court then appointed counsel for defendant, and both parties subsequently submitted briefing on the applicability of section 1170.95. The trial court issued a written order denying resentencing, observing that this court "had concluded, in the original appellate opinion, that the evidence was sufficient for a jury to have convicted defendant [ ] of first degree murder, based on direct aiding and abetting a first degree murder, a theory that has survived [Senate Bill No.] 1437." The court then

discussed how the evidence in the record was "sufficient for a jury to conclude, beyond a reasonable doubt, that defendant [ ] directly aided and abetted" both "an express malice murder" and "an implied malice murder." In support of its order, the court expressly relied on *People v. Garcia* (2020) 57 Cal.App.5th 100, review granted February 10, 2021, S265692 (*Garcia*). Noting a split of authority in the Courts of Appeal on the issue, the trial court found *Garcia* persuasive and concluded that "[u]nder that substantial evidence view, defendant [ ] has failed to set forth a prima facie case for relief." Finally, the court concluded that this court's prior determination that defendant was entitled to a reduction of his conviction was not controlling on this matter.

Defendant timely appealed.

DISCUSSION

Defendant contends the trial court erred in summarily denying his petition without issuing an order to show cause and conducting an evidentiary hearing. Conceding the error, the People posit that the trial court misconstrued the requirement in section 1170.95 that the petitioner state a prima facie case for relief. The parties request that this court reverse the order and remand the matter with instructions to issue an order to show cause and to hold an evidentiary hearing on the merits of the petition. We agree with the parties and will reverse the order with instructions.

Because this issue of statutory interpretation presents a question of law, our review is de novo. (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.) To obtain relief pursuant to section 1170.95, an offender must file a petition in the sentencing court setting forth his eligibility under the section, including that he was prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine, was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder, but could not be convicted of first or second degree murder because of changes to section 188 or 189 made effective January 1, 2019. (§ 1170.95, subd. (a)(1)-(3); see also

3

§ 1170.95, subd. (b)(1)(A).)  If a petition fails to comply with subdivision (b)(1), "the court may deny the petition without prejudice to the filing of another petition . . . ." (§ 1170.95, subd. (b)(2).)  "Where the petition complies with subdivision (b)'s three requirements, then the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief.  [Citation.]  [¶]  If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.'  [Citation.] . . .  At the hearing stage, 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.'  [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 960 (*Lewis*).)

Before our Supreme Court's decision in *Lewis*, a number of courts "read section 1170.95, subdivision (c)'s two references to 'a prima facie showing' to require two distinct, sequential inquiries:  one 'that petitioner "falls within the provisions" of the statute,' and a second ' "that he or she is entitled to relief." ' " (*Lewis, supra*, 11 Cal.5th at p. 961.)  The *Lewis* court rejected this interpretation of section 1170.95, subdivision (c), and concluded that subdivision (c) describes only a single prima facie showing. (*Lewis*, at p. 962.)  The court held that, "[c]onsidering subdivision (c)'s language in the context of section 1170.95 as a whole [citation], subdivision (c) clearly describes a single process." (*Lewis*, at p. 962.)  Therefore, under the statute, once defendant files a facially sufficient petition laying out his eligibility under the section and requests counsel, he is entitled to appointment of counsel and to be heard on the subdivision (c) inquiry. (*Lewis*, at p. 970.)

Here, it is undisputed by the parties that defendant's petition established a prima facie showing he is entitled to relief. (§ 1170.95, subd. (c).)  As required, his petition

4

alleged a complaint, information, or indictment was filed against him allowing the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder following a trial; and he could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019. (§ 1170.95, subd. (a).) And the parties do not argue, nor does the record before us conclusively establish, defendant was categorically ineligible for relief as a matter of law. (See *Lewis, supra*, 11 Cal.5th at pp. 971, 972 [holding that the trial court "may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief" but should not engage in factfinding or make credibility determinations before an order to show cause issues].)

We recognize that prior to the Supreme Court's decision in *Lewis*, some Courts of Appeal approved the summary denial of a section 1170.95 petition based on a substantial evidence review of the record of conviction. (See, e.g., *Garcia, supra*, 57 Cal.App.5th at p. 118, rev.gr.).) According to *Garcia*, a trial court may summarily deny a section 1170.95 petition even when the petitioner's assertions are not " 'conclusively refut[ed] . . . as a matter of law' " if substantial evidence in the record "supports a murder conviction under current law." (*Garcia*, at p. 116.) *Garcia* cites *People v. Duke* (2020) 55 Cal.App.5th 113, review granted January 13, 2021, S265309, as authority for using the substantial evidence test to summarily deny a section 1170.95 petition. *Duke*, however, involved a section 1170.95 petition that was denied after the trial court conducted a full evidentiary hearing. (*Duke, supra*, at p. 119.) An evidentiary hearing conducted under section 1170.95, subdivision (d) is separate from, and occurs after, the prima facie showing required under section 1170.95, subdivision (c). At the evidentiary hearing, the prosecution must prove beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d).) Several courts have explicitly disagreed with *Duke*'s application of the substantial evidence test at the evidentiary

5

hearing, but even *Duke* does not advocate conducting a substantial evidence review at the prima facie stage.

We conclude the trial court's use of a substantial evidence test at the prima facie stage in this case was in error. (*Lewis, supra*, 11 Cal.5th at p. 974.) His petition asserted facts which, if accepted as true, fulfilled the requirements for relief, and there were no readily ascertainable facts from the record demonstrating that, as a matter of law, he was not entitled to relief. Therefore, the trial court erred by not issuing an order to show cause and holding an evidentiary hearing before evaluating and weighing the evidence presented and ruling on the merits of defendant's petition.

### DISPOSITION

The order denying defendant's section 1170.95 petition is reversed. The matter is remanded to the superior court with directions to issue an order to show cause and hold an evidentiary hearing on defendant's petition.


                                                    KRAUSE            , J.



We concur:



       RAYE              , P. J.



       MAURO            , J.


6